**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BO LIU, *on behalf of himself and others similarly situated* | : |
| | : |
| | : |
| | : |
| | : |
| Plaintiffs, | : **Case No.:** |
| v. | : |
| | : **CIVIL ACTION** |
| METAL GREEN RECYCLING INDUSTRIES INC. | : |
| and "JOHN DOE", | : **COMPLAINT AND JURY DEMAND** |
| | : |
| Defendants. | : |
| | : |

Plaintiff BO LIU (hereinafter referred to as "Plaintiff" or "Liu") by way of Complaint

against Defendants METAL GREEN RECYCLING INDUSTRIES INC. (hereinafter "Metal

Green") and JOHN DOE (collectively referred to herein as "Defendants"), states as follows:

**INTRODUCTION**

1. Plaintiff Liu alleges on behalf of himself and on behalf of other similarly situated
   current and former employees of Defendants who elect to opt into this action
   pursuant to the Fair Labor Standards Act ("FLSA") that among other things, he is
   entitled to: (i) unpaid wages from Defendants for the work he performed, and for
   which he was not compensated in accordance with the parties' agreement; (ii)
   unpaid wages from Defendants for overtime work for which he did not receive
   overtime  premium pay as required by law, and (iii) liquidated damages pursuant to
   the FLSA, 29 U.S.C. §§ 201 et seq., because Defendants' violations lacked a good faith
   basis.

2. Liu further complains that among other things, he is entitled to back wages for his
   regular hours of work as well as for his overtime work for which Defendants
   willfully failed to pay as required by the New Jersey Wage and Hour Law.

## THE PARTIES

3.  Plaintiff Liu is an individual who resides in the State of New Jersey.

4.  Defendant Metal Green is a metal-recycling business corporation which conducts business in the State of New Jersey.

5.  It maintains at least nine facilities throughout the United States, including a facility in Kearny, New Jersey.

6.  Upon information and belief, Defendant "John Doe", true name unknown at this time, is the chief executive officer (CEO) and/or owner of Defendant Metal Green.

7.  Upon information and belief, Defendant "John Doe" was responsible for the daily supervision of Liu, the hiring and firing decisions, as well as the daily operation and management. He also set employee schedules and retained records.

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1337 and supplemental jurisdiction over Liu's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Liu's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the enterprise was located in this district, and all transgressions occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

10. Pursuant to 29 U.S.C. § 206 and §207, Liu seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were employed by Defendants in the United States at all relevant times, who were non-exempt employees within the meaning of the FLSA, and who were not paid their agreed-upon wages and their overtime compensation at rates not less than one-and-one-half times the regular

rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

11. The Collective Action Members are similarly situated to Liu in that they were employed by Defendants as non-exempt hourly workers, and were denied their regular pay and their premium overtime pay for hours worked beyond forty hours in a week.

12. They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them the wages owed.

13. The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

## FACTS

14. Plaintiff Liu was employed at Metal Green, from on or about April 17, 2017 until on or about May 14, 2018.

15. Liu's job involved assisting with the review and sorting of piles of recycling materials.

16. Liu was paid once per month.

17. Liu was always paid for only 80 hours per pay period, despite the fact that he often worked more than 80 hours in a pay period.

18. When Liu began his employment, he was told that his hours would be from Monday to Friday, 7 a.m. to 5 p.m. each day.

19. However, Liu often worked approximately 60 hours per week, yet he never received overtime.

20. In addition, Defendants failed to pay Liu the agreed-upon wages for his regular, non-overtime, hours.

21. Originally, Liu was being paid $36,000/year, however, he was promised, that after three month of probation, his pay would be increased and he would receive $40,000/year.

22. Liu never received that pay differential.

23. In addition, following that three-month probation period, Liu was supposed to receive $600/month in benefits, however he never received this either.

24. At all relevant times, Plaintiff Liu was individually engaged in interstate commerce or in the production of goods for interstate commerce.

25. At all relevant times, Defendants were, and still continue to be, an enterprise engaged in interstate commerce and/or the production of goods for interstate commerce in within the meaning of the FLSA, 29 U.S.C. § 201 et al.

26. Upon information and belief, at all relevant times, Defendant Metal Green has had gross revenues in excess of $500,000.

27. Upon information and belief, at all relevant times, Defendants have used goods and materials produced in interstate commerce, and have employed two or more individuals who handled such goods and materials.

28. Defendants are "employers" as defined in the Fair Labor Standards Act and the New Jersey Wage and Hour Law.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act- Overtime**

29. Plaintiff repeats and incorporates each of the preceding allegations as if fully set forth herein.

30. Under the FLSA, a plaintiff is entitled to receive one and one-half (1.5) times the Plaintiff's regular rate for each hour worked above 40 in a given workweek.

4

31. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week to which plaintiff was entitled under 29 U.S.C. §206(a), in violation of 29 U.S.C. §207(a)(1).

32. Defendants' conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

33. Defendants have not made a good faith effort to comply with the FLSA in regards to paying Plaintiff's compensation.

34. At all relevant times, Defendants had, and continue to have, a policy or practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA.

35. As a result of Defendants' actions, Plaintiff has been damaged and is entitled to recover unpaid overtime wages and an equal amount in liquidated damages, as well as attorney's fees and costs of suit.

**WHEREFORE**, Plaintiff demands judgment against Defendants for unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorney's fees, costs of suit, and all such further relief the court may deem equitable and just.

<u>SECOND CAUSE OF ACTION</u>

**Violation of the New Jersey Wage & Hour Law- Overtime**

36. Plaintiff repeats and incorporates each of the preceding allegations as if fully set forth herein.

37. Under the New Jersey Wage & Hour Law, a plaintiff is entitled to receive one and one-half (1.5) times the Plaintiff's regular rate for each hour worked above 40 in a

given workweek, N.J.S.A. 34:11-56a4 and NJAC 12:56-6.1.

38. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week, in violation of N.J.S.A. 34:11-56a4.

39. As a result of Defendants' actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for all damages under the New Jersey Wage and Hour law, including, without limitation, unpaid overtime wages, pre-judgment interest, post-judgment interest, attorney's fees, costs of suit, and all such further relief the court may deem equitable and just.

### THIRD CAUSE OF ACTION

### Unpaid Wages Under the Fair Labor Standards Act

40. Plaintiff repeats and incorporates each of the preceding allegations as if fully set forth herein.

41. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. 206, including the $4,000 differential in pay as well as the $600/month in benefits.

42. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respecting to compensating the Plaintiff.

43. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

44. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid benefits, and an equal amount in the form of liquidated

damages, as well as reasonable attorney fees and costs of the action, including interest, pursuant to the FLSA.

**WHEREFORE**, Plaintiff demands judgment against Defendants for all damages under the FLSA, including, without limitation, unpaid wages and benefits, pre-judgment interest, post-judgment interest, liquidated damages, attorney's fees, costs of suit, and all such further relief the court may deem equitable and just.

## FOURTH CAUSE OF ACTION

### Unpaid Wages Under the New Jersey Wage & Hour Laws

45. Plaintiff repeats and incorporates each of the preceding allegations as if fully set forth herein.

46. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of the New Jersey Wage & Hour Laws.

47. Defendants' violations of the New Jersey Wage & Hour Laws as described in this Complaint have been willful and intentional.

48. Defendants have not made a good faith effort to comply with the applicable laws with respect to compensating the Plaintiff.

49. Due to Defendants' New Jersey Wage & Hour Laws violations, Plaintiff is entitled to recover from Defendants, his unpaid wages, and other benefits, and an equal amount in the form of liquidated damages, as well as reasonable attorney fees and costs of the action, including interest, pursuant to the New Jersey Wage & Hour Laws.

**WHEREFORE**, Plaintiff demands judgment against Defendants for all damages under the New Jersey Wage and Hour law, including without limitation unpaid wages, benefits, pre-judgment interest, post judgment interest, liquidated damages, attorney's fees, costs of suit, and

all such further relief the court may deem equitable and just.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues so triable.

Date: September 4, 2019

**WANG, GAO & ASSOCIATES, P.C.**
*Attorney for Plaintiffs*

_*/s Heng Wang*_

By: Heng Wang, Esq.
36 Bridge Street
Metuchen, NJ 08840
Tel:    (732) 767-3020
Fax:    (732) 343-6880